**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| Plaintiff, | : Civil Action No. 16-9452 (ES) (MAH) |
| v. | : ORDER |
| **EDWARD WUNDER, MARY ELLEN WUNDER, & COUNTRY HOUSE MANAGEMENT, LLC,** | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff United States of America's ("Plaintiff") motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) (D.E. No. 41); and the Court having considered the relevant submissions, and it appearing that:

1. On December, 22, 2016, Plaintiff commenced this action against Edward Wunder ("Mr. Wunder"), Mary Ellen Wunder ("Mrs. Wunder"),[1] and Country House Management, LLC ("Country House") (collectively, "Defendants").[2] (D.E. No. 1). On or about October 31, 1996, Mr. Wunder purchased a home at 256 Mount Salem Road, Wantage, New Jersey ("the Wantage Property") for approximately $181,500. (*Id.* ¶ 17). According to Internal Revenue Service ("IRS") assessments, he failed to pay income taxes for the years 2003, 2004, 2005, and 2006. (D.E. 41-3 ¶ 8). On or about April 30, 2004, Mr. Wunder received a letter from the IRS informing him that

---

[1] Mrs. Wunder is Mr. Wunder's wife and is "named as a defendant pursuant to 26 U.S.C. § 7403(b) because she has or may claim an interest in the" property at issue in this litigation. (D.E. No. 1 ¶ 6).

[2] Plaintiff also raised claims against other defendants that have been voluntarily dismissed from this action. (*See* D.E. Nos 1, 22 & 33).

he owed Plaintiff $52,824.85 in unpaid federal income taxes. (D.E. No. 1 ¶ 18). Less than two months later, Mr. Wunder transferred his interest in the Wantage Property to Country House in exchange for $21 dollars. (*Id.* ¶ 19). Despite the transfer, Mr. and Mrs. Wunder have continued to reside at the Wantage Property, retaining full possession and control. (*Id.* ¶ 22; D.E. No. 11 at 12; D.E. No. 29 at 6). As of August 24, 2018, Plaintiff has calculated that Defendant owes $247,977.12 in unpaid taxes, civil penalties, and accrued interest. (D.E. No. 41-3 ¶ 7 & Ex. A).

2. Plaintiff requests that the Court reduce to judgment these assessments against Mr. Wunder and his nominees. (D.E. No. 1 at 5). Plaintiff also requests that the Court issue an order to foreclose these tax liens and order the Wantage Property to be sold, with the proceeds of the sale to be distributed in accordance with the rights of the parties, and the amounts attributable to Mr. Wunder's interest to be paid to Plaintiff and applied against his tax liabilities. (*Id.* at 5-6).

3. On March 3, 2017, service of process was delivered to Country House's registered service agent in Las Vegas, Nevada. (D.E. No. 8).

4. On March 15, 2017, service of process was effectuated on both Mr. Wunder and Mrs. Wunder. (D.E. Nos. 4 & 5). Mr. Wunder was personally served at his place of residence at the Wantage Property. (D.E. No. 4). Service was also effectuated upon Mrs. Wunder by leaving copies of the summons and Complaint at her place of residence (the Wantage Property) with Mr. Wunder. (D.E. No. 5).

5. Before the time to answer had expired, Mr. Wunder and Mrs. Wunder jointly filed a "complaint/counterclaim" against Plaintiff, alleging that (i) the territorial jurisdiction of the Plaintiff does not extend to the fifty states; (ii) citizens born within the fifty states are not U.S. citizens unless they voluntarily elect to take that status; (iii) the federal government lacks the power to levy an income tax on citizens of the 50 states unless they are federal employees; (iv) the

Defendants cannot legally be considered U.S. taxpayers; and (v) no federal court can claim jurisdiction over the Defendants. (*See generally* D.E. No. 11). Plaintiff filed a timely answer to the counterclaim. (D.E. No. 15).

6. Both Mr. Wunder and Mrs. Wunder subsequently submitted four "motions to dismiss for summary judgment," arguing that the Court failed to produce a timely response to their jurisdictional challenges. (D.E. Nos. 17, 18, 20 & 21). The Court denied these motions as meritless and procedurally improper. (D.E. No. 37).

7. On August 25, 2017, Plaintiff requested that the Clerk of the Court enter default against Country House for failure to plead or otherwise defend, which the Clerk granted. (D.E. Nos. 25 & 26).

8. On August 24, 2018, Plaintiff requested that Mr. and Mrs. Wunder be found in default for their failure to plead or otherwise cooperate with this litigation. (D.E. No. 38). The Clerk entered default against Mr. and Mrs. Wunder on August 29, 2018. (D.E. No. 39).

9. On September 5, 2018, Plaintiff submitted the instant motion for default judgment against Defendants. (D.E. No. 41). Plaintiff seeks (i) a judgment against Mr. Wunder for $247,977.12 for his unpaid 2003, 2004, 2005, and 2006 federal income taxes; (ii) a decree that Plaintiff has valid and subsisting liens on Mr. Wunder's property, including the Wantage Property; and (iii) an order foreclosing those tax liens and permitting the Plaintiff to sell the Wantage Property to pay for some or all of Mr. Wunder's unpaid taxes. (D.E. No. 41-2 at 6). Particularly, Plaintiff asserts that the sale of Mr. Wunder's Wantage Property to Country House does not preclude the attachment of federal tax liens to the property because either (i) Country House was Mr. Wunder's nominee or (ii) the transfer was fraudulent. (*Id.* at 1–2).

10. As a starting point, the Court finds that it has subject matter jurisdiction because

this case arises under the laws of the United States and the United States is the Plaintiff. *See* 28 U.S.C. §§ 1331, 1340, 1345; 26 U.S.C. §§ 7402, 7403.

11. The Court also finds that it has personal jurisdiction over Defendants. The Court has general personal jurisdiction over Mr. and Mrs. Wunder because they are domiciled in Wantage, New Jersey. (*See* D.E. No. 1-2); *see generally Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is [his or her] domicile."). Additionally, the Court has specific personal jurisdiction over Country House. An exercise of specific jurisdiction over a defendant is proper if: (i) the defendant intentionally directed its activities at the forum in question; (ii) the litigation pertains to at least one of those activities; and (iii) the exercise of jurisdiction would not conflict with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). Country House satisfies all of these conditions. Country House purchased property within this District (D.E. No. 1 ¶ 19), Plaintiff's claims are directly connected to that property, and the exercise of jurisdiction over Country House would not conflict with traditional notions of fair play and substantial justice because its purposeful availment of the economic market and legal protections of this District in the course of purchasing the Wantage Property made it foreseeable that it would be called into this Court. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (declaring that exercise of personal jurisdiction is appropriate when a defendant could "reasonably anticipate being hailed into" the court in question).[3]

12. Having determined that jurisdiction is proper, the Court now addresses whether

---

[3] This Court also views Country House to have waived any challenge pertaining to this Court's exercise of personal jurisdiction due to its total failure to participate in this litigation despite having received service of process. *See* Fed. R. Civ. P. 12(h)(1) ("A party waives any defense listed in Rule 12(b)(2)-(5) by . . . failing to either make it a motion under this rule or include it in a response pleading or in an amendment allowed by Rule 15(a)(1).").

Plaintiff should be granted default judgment. "Before granting a default judgment, the Court must determine (i) whether there is sufficient proof of service; (ii) whether a sufficient cause of action was stated; and (iii) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). On a motion for default judgment "the factual allegations of the complaint . . . will be taken as true." *See Paniagua Group, Inc. v. Hospitality Specialists, LLC*, 183 F. Supp. 3d 591, 600 (D.N.J. 2016) (citations omitted).

13. First, the Court finds that there is sufficient proof of service. On March 15, 2017, Mr. Wunder was personally served at his place of residence. (D.E. No. 4). Mrs. Wunder was also served by leaving copies of the summons and Complaint with Mr. Wunder. (D.E. No. 5); *see also* Fed. R. Civ. P. 4(e) (classifying "delivering a copy of the summons and complaint to the [defendant] personally and . . . leaving a copy of each at the [defendant's] dwelling or usual place of abode with someone of suitable age and discretion who resides there" as a proper service of process). Additionally, Plaintiff has also provided sufficient evidence that on March 3, 2017, Plaintiff served Country House through its registered agent in Las Vegas. (D.E. No. 8); *see* Fed. R. Civ. P. 4(h) (permitting service of an unincorporated association by "delivering a copy of the summons and complaint to . . . any other agent authorized by appointment or by law to receive service of process").

14. Second, the Court finds that Plaintiff has sufficiently stated a cause of action. Plaintiff's first claim seeks to reduce an IRS tax assessment to judgment. (D.E. No. 1 ¶¶ 10-15). In order to reduce a tax assessment to judgment, the government must make a prima facie case that the taxpayer possesses outstanding federal tax liabilities. *U.S. v. Hennelly*, 164 F. Supp. 2d 665, 666 (E.D. Pa. 2001). As of August 20, 2018, the IRS has assessed Mr. Wunder for unpaid federal

income taxes in the total amount of $247,977.12, including interest and penalties. (D.E. No. 41-3 ¶ 7 & Ex. A). Despite sending proper notice and demand to Mr. Wunder, he has failed to pay his income tax liability. (D.E. No. 1 ¶¶ 12 & 13). A tax "assessment" is "an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Federal tax assessments are afforded a legal presumption of correctness and "establish a prima facie case of liability against a taxpayer." *Id.*; *United States v. Green*, 201 F.3d 251, 253 (3d Cir. 2000). Therefore, Plaintiff meets its burden of establishing a prima facie case by showing the aforementioned IRS assessment.

15. Plaintiff's second claim seeks the foreclosure of federal tax liens against the Wantage Property. The Internal Revenue Code establishes that any unpaid taxes owed to the federal government "shall be a lien in favor of the United States upon all property and rights, whether real or personal, belonging to" the delinquent taxpayer. 26 U.S.C. § 6321. The Code also states that "where there has been a refusal or neglect to pay any tax . . . the Attorney General or his delegate . . . may direct a civil action to be filed in a district court . . . to enforce [a] lien . . . with respect to such tax . . . or to subject any property . . . of the delinquent . . . to the payment of such tax or liability." 26 U.S.C. § 7403(a). As discussed above, Mr. Wunder is a delinquent taxpayer with unpaid debts to the federal government. Plaintiff, therefore, automatically acquired liens on all of his property and the right to enforce these liens through a civil action. *See id.*

16. Moreover, the right to foreclose on these liens extends to property held by third parties who are "acting as a nominee or alter ego for a taxpayer." *United States v. Patras*, 909 F. Supp. 2d 400, 410 (D.N.J. 2012) (citing *G. M. Leasing Corp. v. United States*, 429 U.S. 338, 351 (1977)). To determine whether an entity is a taxpayer's nominee, the Court considers six factors:

(i) whether the nominee paid adequate consideration for the property; (ii) whether

> the property was placed in the nominee's name in anticipation of a suit or other liabilities while the taxpayer continued to control . . . the property; (iii) the relationship between the taxpayer and the nominee; (iv) the failure to record the conveyance; (v) whether the property remained in the taxpayer's possession; and (vi) the taxpayer's continued enjoyment of the benefits of the property.

*United States v. Patras*, 544 F. App'x 137, 141 (3d Cir. 2013) (omission in original). The first factor favors Plaintiff, because Country House paid only $21 for the Wantage Property, which has an approximate market value of $180,000. (*See* D.E. No. 1 ¶¶ 17 & 19); *United States v. Hovnanian*, No. 18-15099, 2019 WL 1233082, at *4 (D.N.J. March 18, 2019) (finding this factor weighs in favor of the government if the property in question was transferred for nothing more than nominal consideration). Factor two also suggests nominee status; Mr. Wunder placed the Wantage Property in Country House's name approximately two weeks after he received notice of his tax debt, demonstrating an intent to avoid liability. (*See* D.E. No. 1 ¶¶ 18 & 19). Additionally, factors three, five, and six lend further support to a finding of Country House's nominee status. Despite the alleged transaction, Mr. Wunder has maintained total control, possession, and enjoyment of the Wantage Property, demonstrating his total control over Country House. (D.E. No. 1 ¶ 22); *see United States v. Balice*, No. 14-3937, 2017 WL 3420918, at *2, 11 (D.N.J. Aug. 9, 2017) (finding that these factors supported the government's position because the taxpayer continued to reside in and control the property in question). Though the transfer was recorded, the balancing of these factors demonstrates that Country House is merely Mr. Wunder's nominee. *See id.* at 11. Therefore, the transfer of the Wantage Property to Country House does not prevent Plaintiff from enforcing its liens upon the property. *See U.S. v. Klimek*, 952 F. Supp 1100 (E.D. Pa. 1997) (granting the plaintiff's request for default judgment against a taxpayer who had transferred his property to a nominee). Consequently, Plaintiff has sufficiently stated causes of action for which default judgment may be granted.

17. Third, the Court finds that default judgment is proper in this action. To determine whether granting default judgment is proper, the Court "must make explicit factual findings as to (i) whether the party subject to default has a meritorious defense; (ii) the prejudice suffered by the party seeking default; and (iii) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers' Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

18. Here, the Court finds that Defendants have no meritorious defense. Country House failed to file an answer or otherwise respond to this action, and the Court is unable to find any meritorious defense on this record. (*See* D.E. No. 25-1 ¶ 5); *Coach, Inc. v. Ocean Point Gifts*, No. 09-4215, 2010 WL 2521444, at *5 (D.N.J. June 14, 2010) (holding that a court cannot determine whether a defendant had meritorious defenses that were not reflected in the record due to the defendant's failure to adequately respond).

19. Mr. and Mrs. Wunder have contended that they are immune from United States tax law and jurisdiction because they are not citizens of the United States,[4] and that they have no obligation to appear before this Court because they do not reside within the jurisdiction of federal district courts. (*See* D.E. No. 11 at 5; D.E. No. 29 at 2; D.E. No. 29-1 at 9). Indeed, Mr. and Mrs. Wunder's "complaint/counterclaim" raises a jurisdictional defense. (*See generally* D.E. No. 11 at 10-11). This argument rests upon Mr. and Mrs. Wunder's assertion that the United States includes only the District of Columbia and its territories, and that those who live outside those boundaries are citizens of another sovereign entity. (*See id.* at 1). They also argue that the spelling of their names in capital letters refers to an artificial corporation rather than their own natural persons. (D.E. No. 29 at 2). In short, Mr. and Mrs. Wunder's arguments, which are far from original, are

---

[4] For instance, Mr. Wunder asserts he is a Pennsylvanian national (D.E. No. 29 ¶ 4) and that he is "a qualified free inhabitant endowed with inherent and unaliable rights to life, liberty, and property [b]ased on an unwritten law source, which means enjoyment of those rights is not dependent on government" (*id.* ¶ 23).

replete with legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement. Courts throughout the country have decisively rejected such arguments. *See, e.g.*, *Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241 (D.N.J. 2011) (declaring that similar sovereign citizen arguments are legally frivolous); *accord United States v. Gerads*, 999 F.2d 1255, 1257 (8th Cir. 1993) (rejecting appellants' contention that they are not citizens of the United States and thus not subject to taxation); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (describing taxpayer's assertion that he is a citizen of the "Indiana State Republic" and not a citizen of the United States as "incorrect" and a "shop worn argument of the tax protester movement"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (characterizing a taxpayer's claim he is not subject to federal tax laws as citizen of "Republic of Idaho" as "patently frivolous" and rejecting the contention "without expending anymore of this Court's resources" on the discussion); *see also United States v. Wankel,* 475 F. App'x 273 (10th Cir. 2012) (dismissing a taxpayer's assertion that he possessed immunity from taxation because he was a "living man" and separate from the entity to whom summons had been issued); *Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-00180, 2017 WL 2726692, at *6 (D. Haw. June 23, 2017) (noting that courts have roundly dismissed the argument that a name rendered in all caps refers to a legal entity separate from the individual designated).

20. The record also shows that Plaintiff has been prejudiced by Defendants' failure to answer and participate in this litigation, because Plaintiff has been prevented from prosecuting the case, engaging in discovery, and seeking relief in the normal fashion. *See id.*; *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (finding that a plaintiff would suffer prejudice if the court did not enter default judgment because the plaintiff "has no other means of seeking damages for the harm caused by [the d]efendant").

21. Finally, Defendants are culpable for their default. Mr. and Mrs. Wunder have failed to appear before the Court at scheduled conferences, have ignored multiple court orders, and have refused to participate in this action over the past two-and-half years. (*See, e.g.*, D.E. Nos. 24 & 34; D.E. Dated 11/02/1018; D.E. Dated 5/20/2019; D.E. No. 51-1). For instance, Mr. and Mrs. Wunder neglected to cooperate with Plaintiff's many discovery requests, including conducting an in-person Rule 26(f) conference. (*See, e.g.*, D.E. Nos. 14 & 23). Instead, Mr. and Mrs. Wunder have repeatedly asserted a facially meritless and frivolous defense of immunity from United States tax law and jurisdiction. Defendants' total lack of cooperation with this litigation demonstrates the bad faith contemplated by this element. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984) (holding that it is not "an abuse of discretion for a trial judge to enter a default judgment to sanction a party who has callously disregarded repeated notices of a judicial proceeding"); *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (holding that the defendant's failure to respond to repeated communications was the "kind of reckless disregard" that "establishes a defendant's culpability"); *United States v. Bowden*, No. 12-0012, 2014 WL 1289596, at *5 (E.D. Tenn. Mar. 28, 2014) (declaring that a party that chooses to not recognize the court's right to conduct the litigation in question does so "at their own peril"). Consequently, the Court finds default judgment is appropriate in this action.

Accordingly, IT IS on this 3rd day of July 2019,

**ORDERED** that Plaintiff's motion for default judgment (D.E. No. 41), is GRANTED; and it is further

**ORDERED** that judgment for unpaid federal income taxes and statutory additions for tax periods ending December 31, 2003, December 31, 2004, December 31, 2005, and December 31, 2006, is entered pursuant to Fed. R. Civ. P. 55(b) against Mr. Wunder in the amount of $247,977.12

as of August 20, 2018, plus statutory additions to tax and interest that will accrue after that date according to law until paid in full; and it is further

**ORDERED** that the Plaintiff holds valid and subsisting federal tax liens against Mr. Wunder which encumber all of his property and rights to property, including any property held by Mr. Wunder's nominees or alter ego, such as the Wantage Property because Country House is Mr. Wunder's nominee and holds bare legal title on his behalf; and it is further

**ORDERED** that the above-described federal tax liens that attached to Wantage Property are hereby foreclosed, and the Wantage Property shall be sold free and clear of any right, title, lien, claim, or interest of Mr. Wunder, Country House, or Mrs. Wunder, none of whom have asserted an interest in the Wantage Property, in accordance with the accompanying Order of Sale; and it is further

**ORDERED** that the Clerk of the Court CLOSE this matter.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**